UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>        Defendant. | Case No. 1:20-cv-00117-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Anthony L. Cavallero was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff will be required to amend his Complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff alleges that, on or about July 30, 2007, officials acting for the state of Idaho arrested him but did not give him an arraignment hearing within 72 hours. The injury he suffered is "going to prison – I'm in prison." (Dkt. 3, p. 2.) He seeks compensatory damages in the amount of $10 million.

As context for Plaintiff's claim, a review of the Idaho Department of Correction website shows that, on April 1, 2017, Plaintiff completed serving a sentence for aggravated assault in Bonner County Criminal Case No. CR07-4908. The website also shows that Plaintiff currently is serving a sentence for "assault/battery on certain personnel" in Ada County Criminal Case No. CR13-16900, with a satisfaction date of September 30, 2021. If this information is incorrect, Plaintiff can correct it in the amended complaint.

### 2. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

3. **Discussion of Claims against the State of Idaho**

The Eleventh Amendment prohibits a federal court from entertaining a civil rights lawsuit brought by a citizen against a state, unless that state waives its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has

consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the state in this federal action. Instead, Plaintiff may sue those state actors responsible for the alleged civil rights violations.

4. **Discussion of Statute of Limitations Issue**

    A. *Standards of Law*

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

In general, the statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because a § 1983 cause of action does not arise until the declaration of invalidity has been achieved. *See Heck v. Humphrey*, 512 U.S. at 489. Case law is mixed as to whether a plaintiff who had completed his sentence can pursue a civil rights claim that otherwise would have been barred by *Heck v Humphrey*. *See Cohen v. Longshore*, 621 F.3d at 1315-16 (10th Cir. 2010) (citing cases from the First, Third, Fifth, and Eighth Circuits holding that the *Heck* favorable-termination requirement prevents § 1983 claims for damages even when brought by petitioners whose release from custody has made habeas relief unavailable," as well as cases that "have reached the opposite conclusion" from the Second, Fourth, Sixth, Seventh, Ninth (*Nonnette v. Small*, *infra*), and Eleventh Circuits). The United States Court of Appeals for the Tenth Circuit agreed with the latter circuits, holding that "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." *Cohen*, 621 F.3d at 1317.

As for diligence, a released convicted felon who can continue to pursue an ongoing challenge to a conviction in a habeas corpus action, *see Spencer v. Kemna*, 523 U.S. 1 (1998), must do so. In such case, the plaintiff's federal statute of limitations does

not begin until the conviction has been invalidated.[1] Contrarily, if, after release, a plaintiff desires to bring a civil rights claim that challenges a past sentence attached to a conviction that has not been invalidated, he may do so, s*ee Nonnette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002), but the statute of limitations for his causes of action arising from his conviction will not be lengthened as when a plaintiff first invalidates his conviction by pursuing a collateral review action, s*ee Heck v. Humphrey*, 512 U.S. at 489.

The law governing the statute of limitations calculation for claims of lack of due process in pretrial criminal proceedings, such as arraignments, is slightly different— depending on whether the plaintiff's claim calls into question the validity of a criminal conviction. That is, "[r]eflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). However, when a plaintiff asserts in a civil rights action that a defendant's actions in an arraignment resulted in an unlawful

---

[1] Examples of "invalidating a conviction" include the following. In *Stoll v. County of Kern*, No. 1105CV-01059, 2007 WL 2815032 (E.D. Cal. Sept. 25, 2007), the federal district court determined that lack of a timely arraignment, which could be cause to overturn the plaintiff's conviction, implicated the *Heck v. Humphrey* rule—but the *Heck* rule was satisfied by the prior granting of a habeas corpus petition; therefore, the statute of limitations ran from that date, rather than the date the plaintiff knew the state failed to arraign him 21 years earlier. *Id*. at *3.

In *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), the United States Court of Appeals for the Seventh Circuit held that the plaintiff's statute of limitations began to run not on the earlier date of his release from prison, but from the governor's later issuance of a pardon exonerating him of the criminal conviction. *Id*. at 420 (emphasis in original). Similarly, in *Stoll v. County of Kern*, No. 1105CV-01059, 2007 WL 2815032 (E.D. Cal. Sept. 25, 2007).

conviction, "a § 1983 suit is not the proper vehicle through which to mount what is essentially a collateral challenge to the validity of his federal criminal conviction," because of the *Heck v. Humphrey* bar. *Valencia v. Weis*, No. 318CV01261WQHNLS, 2018 WL 4489321, at *3 (S.D. Cal. Sept. 19, 2018), *aff'd*, 776 F. App'x 510 (9th Cir. 2019. *Accord*, *Forthoffer v. Fore*, No. 3:17-CV-00235-TMB, 2019 WL 4867390, at *3 (D. Alaska Jan. 3, 2019) (Plaintiff's claims against Fore asserting that Fore lied in an affidavit used to support her arrest, arraignment, and ultimately the charges that "became case 3PA-13-00509CR," and that Fore similarly lied in later grand jury testimony were barred by *Heck*.)

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

Early filing of a case pending resolution of a previous case will not necessarily result in dismissal in Idaho, but a stay or injunction in such cases may be available to preserve one's rights. *Wilhelm v. Frampton*, 158 P.3d at 312. The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the

statute of limitations as a bar, although the time limit of the statue may have already run."
*J.R. Simplot Co., v. Chemetics International, Inc*., 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted, and are also subject to a strike under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### B. *Discussion*

Plaintiff will be required to file an amended complaint showing that his original complaint was timely filed. If Plaintiff is asserting that an unlawful arraignment resulted in an unlawful conviction *and* he did not previously invalidate the conviction on appeal or in a habeas corpus action, then he will have to show that his cause of action arose in 2018, two years prior to the filing of his original complaint. (However, it appears from his original Complaint, that his cause of action arose in 2007.) If he is claiming that the arraignment resulted in an unlawful conviction and he *did* invalidate his conviction, then his statute of limitations would run from the later date of invalidation, such as issuance of a writ of habeas corpus.

If Plaintiff is simply complaining that he was falsely imprisoned for a time period before his conviction, because of the lack of an arraignment, that claim accrued, at the

latest, when he was later arraigned, had a preliminary hearing, or was lawfully convicted. Any of those proceedings likely concluded before 2018, again, rendering his original Complaint in this action untimely.

Finally, if Plaintiff has facts showing that he should be entitled to equitable tolling or equitable estoppel, he should present those to the Court in his amended complaint. If Plaintiff has no facts showing that his claim accrued in 2018 or no facts showing his untimely filing should be excused, he should file a notice of voluntary dismissal.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **60 days** after entry of this Order.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) will be DENIED without prejudice, but will be reconsidered by the Court if he states an actionable claim in the amended complaint and if he meets the standards for appointment of counsel.

3. Plaintiff is warned that, if he does not file an amended complaint within the time frame specified above, his entire case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff may, in the alternative, file a notice of voluntary dismissal within 60 days after entry of this Order.



DATED: April 9, 2020

B. Lynn Winmill
U.S. District Court Judge