UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>               Defendant. | Case No. 1:20-cv-00117-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      The Court previously notified Plaintiff Anthony L. Cavallero that he could not proceed on his Complaint, and he was provided instructions for amendment. (Dkt. 7.) Now pending is Plaintiff's Motion to Review Amended Complaint and proposed Amended Complaint. (Dkts. 8, 9.)

      Plaintiff alleges that, on or about July 30, 2007, he was arrested on unknown charges and not timely arraigned in a criminal case. He eventually was charged with a child molestation crime for rubbing a ten-year-old girl's naked buttocks, arms, and shoulders to try to prevent potential hypothermia. He further alleges that the prosecutor threatened him into accepting a guilty plea, and his defense attorney told him that he thought Plaintiff was guilty and he did not want to represent him.

      It is unclear whether Plaintiff was convicted of a crime associated with the child molestation accusations. If so, he is not currently serving a sentence for that crime. The

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

Idaho Department of Correction website page "Offender Search Details" for Plaintiff shows that he completed a sentence on an aggravated assault charge on April 1, 2017 (which sounds different from the child molestation charges), and currently is serving a sentence on assault/battery on certain personnel, through September 30, 2021.

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for personal injury. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

In general, the statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

conviction is reversed, expunged, or declared invalid, because a § 1983 cause of action does not arise until the declaration of invalidity has been achieved. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Case law is mixed as to whether a plaintiff who had completed his sentence can pursue a civil rights claim that otherwise would have been barred by *Heck v Humphrey*. *See Cohen v. Longshore*, 621 F.3d at 1315-16 (10th Cir. 2010) (citing cases from the First, Third, Fifth, and Eighth Circuits holding that the *Heck* favorable-termination requirement prevents § 1983 claims for damages even when brought by petitioners whose release from custody has made habeas relief unavailable," as well as cases that "have reached the opposite conclusion" from the Second, Fourth, Sixth, Seventh, Ninth (*Nonnette v. Small*, *infra*), and Eleventh Circuits). The United States Court of Appeals for the Tenth Circuit agreed with the Ninth, holding that "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." *Cohen*, 621 F.3d at 1317.

As for diligence, a released convicted felon who can continue to pursue an ongoing challenge to a conviction in a habeas corpus action, *see Spencer v. Kemna*, 523 U.S. 1 (1998), must do so. In such case, the plaintiff's federal statute of limitations does not begin until the conviction has been invalidated.[1] However, if, after release, a plaintiff

---

[1] Examples of "invalidating a conviction" include the following. In *Stoll v. County of Kern*, No. 1105CV-01059, 2007 WL 2815032 (E.D. Cal. Sept. 25, 2007), the federal district court determined that lack of a timely arraignment, which could be cause to overturn the plaintiff's conviction, implicated the *Heck v. Humphrey* rule—but the *Heck* rule was satisfied by the prior granting of a habeas corpus petition; therefore, the statute of limitations ran from that date, rather than the date the plaintiff knew the state failed to arraign him 21 years earlier. *Id.* at *3.

In *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), the United States Court of Appeals for the Seventh Circuit held that the plaintiff's statute of limitations began to run not on the earlier date of his

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3**

desires to bring a civil rights claim that challenges a past sentence attached to a conviction that has not been invalidated, he may do so, s*ee Nonnette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002). However, the statute of limitations for causes of action arising from a conviction that has not been invalidated will not be tolled or extended, as when a plaintiff takes the time to invalidate his conviction by pursuing a collateral review action, s*ee Heck v. Humphrey*, 512 U.S. at 489, before pursuing a civil rights lawsuit.

The law governing the statute of limitations calculation for claims of lack of due process in pretrial criminal proceedings, such as arraignments, is slightly different—depending on whether the plaintiff's claim calls into question the validity of a criminal conviction. That is, "[r]eflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). However, when a plaintiff asserts in a civil rights action that a defendant's actions in an arraignment *resulted in an unlawful conviction*, "a § 1983 suit is not the proper vehicle through which to mount what is essentially a collateral challenge to the validity of his federal criminal conviction," because of the *Heck v. Humphrey* bar. *Valencia v. Weis*, No. 318CV01261WQHNLS, 2018 WL 4489321, at *3 (S.D. Cal. Sept. 19, 2018), *aff'd*, 776 F. App'x 510 (9th Cir. 2019. *Accord*, *Forthoffer v. Fore*, No. 3:17-CV-00235-TMB, 2019 WL 4867390, at *3

---

release from prison, but from the governor's later issuance of a pardon exonerating him of the criminal conviction. *Id*. at 420 (emphasis in original). *See also Stoll v. County of Kern*, No. 1105CV-01059, 2007 WL 2815032 (E.D. Cal. Sept. 25, 2007).

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**

(D. Alaska Jan. 3, 2019) (Plaintiff's claims against Fore asserting that Fore lied in an affidavit used to support her arrest, arraignment, and ultimately the charges that "became case 3PA-13-00509CR," and that Fore similarly lied in later grand jury testimony were barred by *Heck*).

Under limited circumstances, untimely claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230.

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted, and are also subject to a strike under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5**

The Court earlier provided Plaintiff with notice of the foregoing standard of law in the Initial Review Order. In the Amended Complaint, Plaintiff has not provided plausible facts showing that his statute of limitations did not expire in or before 2018, more than two years prior to the filing of Plaintiff's original Complaint in this action on March 5, 2020. The allegedly wrongful acts occurred in 2007, and Plaintiff is not now incarcerated for the crime, such that the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994), would have tolled or extended the civil rights statute of limitations. Accordingly, the Court concludes that this case is barred by the statute of limitations, and Plaintiff has provided insufficient facts to show that equitable tolling or equitable estoppel should be applied.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review Amended Complaint (Dkt. 8) is GRANTED.
2. Plaintiff's Amended Complaint is DISMISSED with prejudice on statute of limitations grounds.

DATED: August 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge